UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-25378-CIV-MORENO

CLUB MADONNA, INC., a Florida
Corporation, d/b/a CLUB MADONNA,

    Plaintiff,

v.

CITY OF MIAMI BEACH, a Florida
Municipal Corporation,

    Defendant.

_____/

### REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion for Attorney Fees (ECF No. 46). Defendant seeks attorney fees pursuant to 42 U.S.C. § 1988, for fees incurred in obtaining dismissal of the instant lawsuit. The motion was referred to the undersigned Magistrate Judge by the Honorable Federico A. Moreno, United States District Judge (ECF No. 51). Upon consideration of the motion, Plaintiff's response (ECF No. 50), Defendant's reply (ECF No. 54), the record, and argument received at hearing conducted on June 27, 2018, the undersigned recommends that Defendant's Motion for Attorney Fees be **DENIED**, as further explained below.

### I.    BACKGROUND

On December 30, 2016, Plaintiff Club Madonna filed the instant lawsuit claiming Defendant City of Miami Beach violated Plaintiff's constitutional rights by: (1) temporarily revoking its Occupational License, and (2) enacting an unduly burdensome human trafficking ordinance. Counts I – VI of Plaintiff's Complaint pertain to the City's revocation of Plaintiff's

1

Occupational License, and are virtually identical to a lawsuit Plaintiff voluntarily dismissed against Defendant in 2014. Defendant did not move for attorney's fees pursuant to § 1988 in that suit. Counts VII – XVI pertain to the human trafficking ordinance. On October 8, 2017, the Honorable Federico A. Moreno granted Defendant's Motion to Dismiss, dismissing all sixteen counts (ECF No. 33). In the Dismissal Order, Judge Moreno held that Counts I – VI failed to state a claim on the merits, and that Counts VII – XVI were unripe (ECF No. 33). Accordingly, a final judgment in favor of the Defendant was entered on September 26, 2017 (ECF No. 37). Plaintiff appealed the dismissal order and it is presently pending on appeal.

## II.   DISCUSSION

In an action to enforce Title 42 U.S.C. § 1983, "the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." 42 U.S.C. § 1988. A prevailing defendant seeking fees must show that plaintiff's claim "was frivolous, unreasonable, or groundless, or that plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978). Accordingly, in the Eleventh Circuit, a district court may award attorney's fees to a prevailing defendant upon a finding that plaintiff's lawsuit was "frivolous, unreasonable or without foundation." *Sullivan v. Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985). The Supreme Court has cautioned that "in applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-422. "A plaintiff's claim should not be considered groundless or without foundation when the claims are meritorious enough to receive careful attention and review." *Barthlow v. Jett*, No. 3:06-CV-

1056-J-33JRK, 2008 WL 3889608, at *4 (M.D. Fla. Aug. 20, 2008). Although the determination of whether to assess attorney's fees requires a case-by-case analysis, three general factors guide the inquiry: (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan*, 773 F.3d at 1189. These factors are "general guidelines only, not hard and fast rules." *Id.* As such, in applying these factors, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id.* at 1189 (internal citations omitted). Indeed, courts "have been reluctant to award fees unless the plaintiff refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1280 (M.D. Fla. 2003). A prevailing party who demonstrates bad faith may also recovery attorney's fees. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422, n. 6 (11th Cir. 1996).

Applying these standards, the Court finds that Defendant has failed to meet the "stringent" standard required for an award of attorney's fees under 42 U.S.C. § 1988. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L. Ed. 2d 163 (1980). Counts I – VI were neither frivolous, nor made in bad faith, and Defendant is not a prevailing party on Counts VII – XVI, as explained further below.

### A. COUNTS I – VI

It is undisputed that Defendant is a prevailing party on Counts I – VI. The Honorable District Court Judge Moreno dismissed these counts on the merits (ECF No. 33). Accordingly, the remaining question is whether Counts I – VI are so patently frivolous, unreasonable, without foundation, or alternatively, bought in bad faith so as to justify the imposition of attorney's fees

pursuant to 42 U.S.C. § 1988. Defendant argues that a finding of frivolity is warranted pursuant to the *Sullivan* factors because Plaintiff failed to establish a prima facie case, Defendant did not offer to settle the case, and the District Court dismissed the case prior to trial. Plaintiff counters that though Plaintiff ultimately lost the first six counts on the merits, its arguments warranted careful consideration by the District Court Judge, demonstrating the lack of frivolity. In addition, Plaintiff avers that Defendant did not offer to settle the case, but engaged in repeated settlement discussions, and that though the case was dismissed prior to trial, more than half of Plaintiff's claims were dismissed without prejudice on ripeness grounds.

    The Eleventh Circuit has held that a "plaintiff's section 1983 claims should not be considered groundless or without foundation for the purpose of an award of fees in favor of the defendants when the claims are meritorious enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991); *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995). While it is abundantly clear that the district court's decision on the merits is supported by the record, it cannot be said that an objective examiner would find Plaintiff's claims on Counts I –VI so patently devoid of merit so as to be "frivolous." This case merited careful review by the District Court Judge over a sixteen page Order of Dismissal that thoroughly considered the merits of Plaintiff's claims. Indeed, the Court conducted a detailed, fact-specific analysis and carefully applied a number of complex, balancing tests and standards to determine whether Plaintiff's claims passed constitutional muster. This is not a case where Plaintiff's failure to state a claim on the merits was premised on an assertion of wholly groundless or meritless claims, but rather one where the balancing of several constitutional standards countenanced towards dismissal. Thus, though it is true that Defendant did not offer to settle the case, and that the District Court dismissed the case prior to trial, rigid

4

application of the *Sullivan* factors in this case "would lead to a result that Congress did not intend—that any defendant who prevailed on a dispositive motion would be entitled to fees." *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1280-1285 (M.D. Fla. 2003) (refusing to award attorney's fees unless "plaintiffs refuse to acknowledge clear precedent, or assert a claim which is based knowingly on a nonexistent interest.").

Here, Plaintiff presented complex constitutional arguments that required thorough consideration and analysis by the District Court. Plaintiff argued that the order temporarily closing the Club and revoking its Occupational License violated its First Amendment right to disseminate a message of eroticism through nude dancing, an expressive conduct. The Court determined that order of revocation was issued pursuant to a law of general applicability, which did not trigger First Amendment scrutiny. In spite of this conclusion, however, the Court went through the analysis and application of the four factor test for determining the constitutionality of a content neutral regulation that incidentally regulates expressive content espoused in *United States v. O'Brien*, 391 U.S. 367 (1968). First, the Court found that Defendant temporarily closing the Club was an exercise of police power to enforce its public health regulations. Second, the Court determined the closure of the Club furthered an important government interest in protecting children from exploitation. Third, the Court concluded that the closure was unrelated to the suppression of free speech. Fourth, the Court established that the closure of the Club was a minimal restriction in furtherance of Defendant's substantial interests. The Court's thoughtful consideration of Plaintiff's First Amendment argument demonstrates that these arguments required careful analysis and deliberation. Indeed, at no point did the District Court intimate that Plaintiff's First Amendment claims were blatantly meritless.

Similarly, with respect to Plaintiff's due process claims, the Court carefully balanced the government's interest in protecting minors with Plaintiff's allegations of infringement on its due process rights. Plaintiff argued that its procedural due process rights had been violated when Defendant failed to provide it with a prompt hearing after issuing the emergency order. To determine what process was due to Plaintiff, the Court carefully applied the balancing test articulated in *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976). First, the Court determined that the private interest affected by the emergency order was Plaintiff's interest in disseminating its message of eroticism. Second, the Court concluded that the risk of erroneous deprivation was relatively low because the procedures outlined in Defendant's ordinances required prompt notice of suspension and a post-deprivation hearing. In this case, Defendant promptly notified Plaintiff of the closure and scheduled a hearing before a Special Master. However, the hearing never took place because Plaintiff's licenses were reinstated pursuant to an agreement between the parties. Finally, the Court determined that Defendant's interest in ensuring that children were not exploited outweighed Plaintiff's espoused interests. Beyond applying the *Matthews* test, the District Court also found there were exigent circumstances, which would have justified the absence of a pre-deprivation hearing.

In sum, the fact that Plaintiff did not ultimately prevail on these counts does not mean that the claims were wholly unreasonable or without any foundation. *See Christiansburg*, 434 U.S. at 421-422. Accordingly, the Court finds that Counts I – VI of Plaintiff's complaint were not so patently frivolous or groundless so as to merit an award of attorney's fees pursuant to 42 U.S.C. § 1988.

Alternatively, Defendant argues that an award of attorney's fees is proper because Plaintiff's claims were brought in bad faith as part of a series of other lawsuits meant to coerce

favorable concessions from Defendant. Specifically, Defendant avers that although Plaintiff filed and voluntarily dismissed a lawsuit containing almost identical iterations of Counts I – VI in 2014, Plaintiff refiled the instant suit in response to Defendant's award of fees in an unrelated case. Defendant relies heavily on the history of litigation brought by Plaintiff against the City to evince Plaintiff's bad faith in filing the instant suit. Plaintiff counters that the refiling was triggered by a breakdown in settlement discussions between the parties.

Although it is clear that there is a history of contentious litigation between both parties, the Court is not persuaded by Defendant's proffer that the instant lawsuit was filed in bad faith. As set forth above, Plaintiff's claims were neither frivolous nor groundless. The parties dispute whether the negotiations that ensued between them may be characterized as "settlement discussions," but Defendant acknowledged that some form of dispute resolution took place between Plaintiff's suits and related to claims raised in the litigation. On this record, the undersigned cannot conclude Plaintiff acted in bad faith in filing or maintaining this action.

Accordingly, because Plaintiff's claims under Counts I – VI were neither patently frivolous, nor brought in bad faith, an award of attorney's fees is not warranted under 42 U.S.C. § 1988.

### B.  COUNTS VII – XVI

Counts VII – XVI were dismissed by the District Court Judge because those claims were not ripe for review (ECF No. 33). Where a claim is not ripe for review, the district court does not have subject matter jurisdiction over that claim. *Georgia Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999). Moreover, where a claim is dismissed for lack of jurisdiction, a defendant cannot be a "prevailing party" for purposes of 42 U.S.C. § 1988. *See Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990); *Davis v. Jackson*, 776 F. Supp. 2d 1314, 1318 (M.D.

7

Fla. 2011); *Sellers v. Local 1598, Dist. Council 88, Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO*, 614 F. Supp. 141, 144 (E.D. Pa. 1985).

Although Defendant agrees that it is not a prevailing party on Counts VII – XVI, it urges this Court to award fees based on its status as a prevailing party on Counts I – VI. Plaintiff argues that Defendant cannot be a prevailing party on claims where the Court lacked subject matter jurisdiction and did not make a determination on the merits. Defendant counters that the primary cases on which Plaintiff relies, *Keene* and *Davis*, are inapposite because in both cases the district courts dismissed all counts for lack of subject-matter jurisdiction. *See Keene*, 908 F.2d at 298; *See Davis*, 776 F. Supp. 2d at 1318. In this case, Defendant alleges that its triumph over the first six counts of the complaint confers it with "prevailing party" status over the entire case. This Court disagrees.

In *Sellers*, a case with a strikingly analogous fact pattern, the district court determined that although the defendant was a prevailing party on two claims, the defendant could not be a prevailing party over four remaining claims, which had been dismissed for mootness and lack of subject matter jurisdiction. *Sellers*, 614 F. Supp. at 143-144. With respect to the claims lacking subject matter jurisdiction, the court determined it would be "impermissible for the court to engage in post hoc analysis of the facts" and an abuse of discretion to place these claims before the Court now.  *Id*. at 144. Thus, Defendant's proposition that it should be considered a "prevailing party" across all claims, including over those for which it did not prevail on the merits, is not supported by the case law. In *Sellers*, the court specifically determined that the defendant's partial success over particularized claims did not confer it "prevailing party" status over the remaining claims for which there had been no merits determination. So too here, Defendant's success with respect to the first six counts of the complaint, does not entitle

8

Defendant to "prevailing party" status with respect to Counts VII – XVI for purposes of 42 U.S.C. § 1988.

Since Defendant is not a prevailing party within the meaning of 42 U.S.C. § 1988 with respect to Counts VII – XVI, Defendant cannot recover fees pursuant to 42 U.S.C. § 1988.

### III.    RECOMMENDATION

At the hearing on June 27, 2018, both parties requested that the instant motion be denied without prejudice. Plaintiff averred that a denial without prejudice would allow the Eleventh Circuit to review the Order of dismissal and possibly reach a different result. Defendant argued that a denial without prejudice would afford Defendant an opportunity to submit unredacted timesheets, which Defendant explained had been redacted in light of the pending appeal. The court finds both of these reasons unnecessary. A decision favorable to Plaintiff by the Eleventh Circuit would not alter the analysis set forth herein. Similarly, because the Court recommends that attorney's fees not be awarded, unredacted timesheets are unnecessary.

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

(1) Defendant's Motion for Attorney Fees (ECF No. 46) should be **DENIED.**

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir.

9

Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE** and **ORDERED** at Miami, Florida this 16th day of July, 2018.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE