UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-25378-CIV-MORENO

CLUB MADONNA, INC. d/b/a CLUB MADONNA,

       Plaintiff,

vs.

CITY OF MIAMI BEACH,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion for Attorneys' Fees, filed on **February 12, 2018**. The Magistrate Judge filed a Report and Recommendation **(D.E. 63)** on **July 16, 2018**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and is otherwise fully advised in the premises.

**I.**    **Analysis**

Magistrate Judge Louis recommended denying the City's motion because the City "failed to meet the 'stringent' standard required for an award of attorney's fees under 42 U.S.C. § 1988. D.E. 63 at 3. The Report and Recommendation found that Counts I-VI were neither frivolous, nor made in bad faith and that the City was not a prevailing party on Counts VII-XVI. "In determining whether to assess attorney's fees, the district court must examine (1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3)

whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (citing *Sullivan v. School Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (italics added). However, "[a] finding of actual bad faith constitutes a basis for an attorney's fees award regardless of the *Sullivan* factors. *Id.* at 1423 n.6; *see also Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422-24 (1978) ("[N]eedless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." (emphasis in original)).

## A. Bad Faith

"Under 42 U.S.C. § 1988, the district court may award attorney's fees to prevailing parties in section 1983 actions only where 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). Thus, although the City need not show bad faith, the Court nonetheless finds that the Complaint was filed in bad faith for a few reasons. First, the claims were brought in bad faith because it was the second time they were alleged against the City. Plaintiff first brought this lawsuit—challenging the same 17-day suspension of Plaintiff's licenses—in 2014, before voluntarily dismissing it. Second, the bad faith was underscored at the hearing before Magistrate Judge Louis where Plaintiff suggested that it was in dispute whether a thirteen year old girl danced nude at the Club in January 2014. The City submits that Plaintiff was aware in 2014—based on criminal investigations and the Club's own responses to interrogatories and admissions—that the girl dancing at the Club was indeed thirteen years old. *See generally* D.E. 62. The City further relies on a trial transcript taken June 28, 2018, from the Eleventh Judicial Circuit Court of Florida,

2

where the Club's owner, Leroy Griffith, admits under oath that a child danced nude at the Club. *See* D.E. 64 Ex. 1. The issue of whether an underage girl danced nude at the Club was not hotly disputed in this litigation, because the Club knew that was the case in 2014, as evinced by the public records—*e.g.*, 2014 Criminal Complaint and Arrest Affidavit, and the City of Miami Police Department Report of Investigation—attached to the City's Notice of Supplemental Filing (D.E. 62). Accordingly, the City has met its burden in showing that the Complaint was filed in bad faith.

### B. Counts I-VI

As to Counts I-VI, the Court finds that the claims were frivolous. The First Amendment counts (Count I, II, and VI) failed on several grounds: (1) the City's Emergency Order temporarily closing the club did not trigger First Amendment scrutiny because it was issued pursuant to the City's generally applicable health regulations prohibiting the criminal exploitation of children and (2) even if the First Amendment was triggered, it was not violated because the *United States v. O'Brien*, 391 U.S. 367 (1968) test was satisfied. The procedural due process claim was also frivolous because the City promptly notified the Club that its licenses were being suspended, the City requested a hearing before a Special Master, and the only reason the hearing was not held was because the licenses were reinstated prior to the hearing date. The substantive due process claim was also frivolous because substantive due process protects "fundamental rights" and no First Amendment rights were implicated by the temporary license suspension. Thus, Counts I-VI were frivolous.

### C. Counts VII-XVI

Magistrate Judge Louis found that the City was not entitled to fees as to Counts VII-XVI because it was not a prevailing party. However, the Court need not reach the issue of whether the

3

City was a prevailing party on those claims because the Court has already found that all claims were brought in bad faith. Assuming *arguendo* that there was no bad faith by Plaintiff, the City is still entitled to fees because it prevailed on some of the claims. A party is considered prevailing if it "has prevailed on an important matter in the course of the litigation, even when he ultimately does not prevail on all issues." *Doe v. Busbee*, 684 F.2d 1375, 1381 (11th Cir. 1982) (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980)). Here, the City undoubtedly prevailed on an "important matter in the course of the litigation," because Counts I-VI were dismissed on the merits *with prejudice*. The mere fact that the Court did not reach the merits of Counts VII-XVI, because they were unripe, is not sufficient to find that the City is not a "prevailing party." *See CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016) (In the employment discrimination context, "[A] favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed."). Finally, Counts VII-XVI are frivolous because the claims were brought before the Club was ever threatened with enforcement under the City's ordinances. In essence, the City was forced to undertake the cost of defending the ordinances at issue before a case or controversy existed.

II. **Conclusion**

Accordingly, the City's motion for attorneys' fees is GRANTED because the Complaint was filed in bad faith. Even absent bad faith, the City it is entitled to attorneys' fees because it was a prevailing party and all counts were raised frivolously. Therefore, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation (D.E. 63) is **OVERRULED**. Accordingly, it is

**ADJUDGED** that Defendant's Motion for Attorneys' Fees **(D.E. 46)** is GRANTED.

4

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd of August 2018.

---
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record