UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 16-25378-CIV-MORENO/GOODMAN**

CLUB MADONNA, INC.,

    Plaintiff,
v.

CITY OF MIAMI BEACH,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION FOR BILL OF COSTS**

Club Madonna, Inc. ("Club Madonna" or the "Club"), a liquor-free adult club featuring fully-nude female dancers, filed suit against the City of Miami Beach (the "City"). The lawsuit concerns administrative action taken by the City against Club Madonna, including an emergency closure of Club Madonna, and a subsequent ordinance that was enacted after police discovered that a thirteen-year-old girl, who was a victim of sex trafficking, was dancing at Club Madonna. United States District Judge Federico A. Moreno entered Final Judgment in favor of the City and against Club Madonna on Counts 1-12 and 14-16, and in favor of Club Madonna on Count 13 [ECF No. 170]. On appeal, the Eleventh Circuit affirmed on all counts. *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231 (11th Cir. 2022).

Following the Eleventh Circuit's decision, the City filed a Motion for Bill of Costs, which, according to the City's conferral certificate, is unopposed by Club Madonna. Judge Moreno referred to the Undersigned all rulings on pretrial, non-dispositive matters and a Report and Recommendations on all dispositive matters. [ECF No. 77].[1] For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** the City's Motion and award the City **$5,677.85** in taxable costs **($150.00** less than the requested amount).

I.  **Legal Standard**

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920.

Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[1] Judge Moreno referred all pretrial proceedings to United States Magistrate Judge Lauren F. Louis. [ECF No. 77]. Judge Louis later recused, and the case was reassigned to United States Magistrate Judge Chris M. McAliley. [ECF No. 86]. Subsequently, Judge McAliley recused. [ECF No. 87]. The case was then reassigned to the Undersigned. *Id.*

      (5) Docket fees under section 1923 of this title;

      (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the Court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

**II.**     **Analysis**

"A 'prevailing party' is the party in whose favor judgment is rendered by the Court." *Pronman v. Styles*, No. 12-80674, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015) (citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, Inc., 298 F.3d 1238, 1248 (11th Cir. 2002)). As the prevailing party in this case, the City is requesting that the Court award it costs under 28 U.S.C. § 1920. [ECF No. 143]; *see, e.g., Adderley v. Three Angels Broadcasting Network, Inc.*, No. 18-23362-CIV, 2020 WL 1808209 (S.D. Fla. Apr. 9, 2020); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1355 (S.D. Fla. 2008) (citing *Fireman's Fund*

*Ins. Co. v. Tropical Shipping and Constr. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001)) ("The Eleventh Circuit consistently supports shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.").

The City indicates in its motion that it has "conferred with Plaintiff's counsel, and can represent that Plaintiff does not oppose the [requested] relief." [ECF No. 186-1]. Nonetheless, despite Club Madonna's lack of an objection, it is still appropriate to independently assess the City's requested costs to determine whether they all are recoverable under § 1920. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the Court nonetheless reviews each category of the items sought in the [the] [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly.").

The City seeks costs for three separate categories of expenses: (1) Subpoena Costs; (2) Deposition Costs; and (3) Transcript Costs.

A.  <u>Subpoena Costs</u>

The City seeks an award of $182.00 for the service of two subpoenas, along with the associated expenses. [ECF Nos. 186-1; 186-2]. Specifically, the City incurred a $40.00

4

service fee for each of the two subpoenas, as well as $102.00 in fees connected to parking, time spent waiting for the witness, and other miscellaneous but necessary expenses, for a total of $182.00.

Courts in this District have confirmed that service of process fees paid to private process servers are taxable under 28 U.S.C. § 1920(1), provided that the process server's rates do not exceed the fees of the U.S. Marshals to effectuate service. *Transatlantic Lines, LLC v. Portus, Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 1154796, at *3 (S.D. Fla. Jan. 13, 2016) (citing *W&O, Inc.*, 213 F.3d at 624). The United States Marshals' rate to effectuate service is $65.00 per hour for process served, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

The invoices submitted by the City justify the two $40.00 service fees, as well as the associated costs. Because none of the expenses fall outside the fees which are permitted to the U.S. Marshals, the Undersigned **respectfully recommends** the District Court **grant** the City's request and award it **$182.00** for the service of subpoenas.

B.  Depositions

The City also requests $4,583.10 in costs associated with taking the depositions of Charles Bailey, Dancer #1, and Dancer #2. The costs of the depositions can be broken down into the following categories: (1) Video Recording and Transcription; (2) Court Reporter Attendance; and (3) Other.

### i. Video and Stenographic Recordings

"The taxation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620. The factual question of whether specific deposition and transcript costs are taxable depends on whether the deposition was "necessarily obtained for use in the case." *Id.* at 621; *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). If a deposition cost was incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only, then the cost is not recoverable. *W&O, Inc.*, 213 F.3d at 620 (internal citations omitted); *see also Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012). It is the losing party's burden to show that "specific deposition costs . . . [are] not necessary for use in the case[.]" *Monelus*, 609 F. Supp. 2d at 1337 (citing *W&O, Inc.*, 213 F.3d at 621).

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at * 3 (S.D. Fla. Feb. 2, 2016) (citing *Morrison v. Reichold Chem., Inc.*, 97 F. 3d 460, 464-65 (11th Cir. 1996)); *see also PODS Enters.*, 2015 WL 5021668, at *1 ("[C]osts of videotaping depositions" are "taxable as a part of the cost of a videotaped deposition.").

6

Therefore, because this type of cost is permitted and Club Madonna does not object to its imposition, the Undersigned **respectfully recommends** no reduction in costs for the stenographic and video recording fees.

### ii. Appearance Fees

Concerning appearance fees, courts in this District are split on whether appearance fees are taxable costs. *See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (collecting cases on the split in authority but awarding $235 appearance fee for the plaintiff's deposition). The Undersigned, however, has observed that "[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014) (awarding $735 in court reporter attendance fees); *see also Procaps*, 2016 WL 411017, at *3 ("Recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem.").

Accordingly, the Undersigned **respectfully recommends** that the District Court award the full Court Reporter Attendance Cost.

### iii. Other Fees

The remaining deposition-associated costs which the City seeks to tax concern three $25.00 charges for Litigation Support Packages and three $25.00 charges for

Processing and Handling. In the Undersigned's view, these costs are merely for counsel's convenience.

Litigation support packages are regularly considered an expense incurred for the convenience of counsel. *See, e.g., Pierre v. Intuitive Surgical, Inc.*, No. 18-cv-60095, 2020 WL 6265953, at *4 (S.D. Fla. Aug. 24, 2020), report and recommendation adopted, 2020 WL 6265940 (S.D. Fla. Sept. 14, 2020) (disallowing portion of defendant's deposition invoices "that list costs for shipping, handling, [and] processing," "exhibit charges," and "litigation support packages"); *BVS Acquisition Co., LLC v. Brown*, 12-cv-80247, 2015 WL 12921971, at *5 (S.D. Fla. Aug. 5, 2015) ("Courts in the Southern District of Florida have repeatedly held that costs associated with CD litigation packages, scanning, and exhibit handling are not necessary, but rather are for the convenience of counsel." (citing *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1354 (S.D. Fla. 2009))).

Moreover, neither physical nor electronic delivery charges are recoverable as costs under the statute. *See, e.g., RGF Env't Group v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010) (declining to award costs for delivery charges); *TMH Medical Services, LLC v. Nat'l Union Fire Ins. Co. of Pittsburg*, No. 17-cv-920-Orl-37DCI, 2020 WL 5984040, at *4 (M.D. Fla. Sept. 2020) (declining to award "electronic delivery and handling" costs when necessity was unclear and unsupported by moving party's motion); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (denying courier handling and delivery fees); *Shire Dev., LLC v.*

8

*Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) ("Costs for convenience under § 1920 include . . . shipping and handling, delivery costs, and express mail. . . . [S]hipment of depositions . . . which are incurred for the convenience and not necessity of counsel, are not taxable.").

The City has not demonstrated that these expenses were necessary. The mere fact that the expenditure may, in certain situations, be necessary does not allow for automatic recovery with no justification. For these reasons, the Undersigned **respectfully recommends** the District Court **deny** the City's request to tax the $150.00 in costs associated with litigation support packages and delivery.

   iv. <u>Conclusion</u>

Based on the foregoing, the Undersigned **respectfully recommends** the District Court award the City **$4,433.10 (a $150.00 reduction)** in deposition costs.

  C. <u>Hearing Transcript</u>

The City lastly seeks to tax $1,062.75 in costs incurred obtaining a hearing transcript, which it claims was "necessary . . . to prepare the City's Objections to Magistrate Judge's Report and Recommendations on Defendant's Renewed Motion to Dismiss Complaint."

Section 1920 gives district courts the discretion on whether to tax hearing transcripts. *See* 28 U.S.C. § 1920(2) ("A judge or clerk of any court of the United States may tax as costs . . . fees of the court reporter for all or any part of the stenographic transcript

necessarily obtained for use in the case."). The request here is well taken because "[w]here a Court's order or ruling on motions and discovery matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed reasonably necessary and are recoverable costs to the prevailing party." *Zokaites v. 3236 NE 5th St., Inc.*, No. 07-60670, 2008 WL 4792451, *4–5 (S.D. Fla. Oct. 31, 2008).

Accordingly, the Undersigned **respectfully recommends** that the District Court award the full Hearing Transcript Cost.

### III. Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** the City's motion for costs and award it **$5,677.85** in taxable costs (**$150.00** less than the requested amount).

### IV. Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on October 12, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record