# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 16-25378-CIV-MORENO/GOODMAN

CLUB MADONNA, INC.,

      Plaintiff,

v.

CITY OF MIAMI BEACH,

      Defendant.

_____/

## <u>ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES</u>

Club Madonna, Inc. ("Club Madonna" or the "Club"), a liquor-free adult club featuring fully-nude female dancers, filed suit against the City of Miami Beach (the "City"). The lawsuit concerns administrative action taken by the City against Club Madonna, including an emergency closure of Club Madonna, and a subsequent ordinance (the "Ordinance") that was enacted after police discovered that a thirteen-year-old girl, who was a sex trafficking victim, was dancing at Club Madonna. Senior United States District Judge Federico A. Moreno entered Final Judgment in favor of the City and against Club Madonna on Counts I-XII and XIV-XVI, and in favor of Club Madonna on Count XIII. [ECF No. 170]. On appeal, the Eleventh Circuit affirmed on all counts. *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231 (11th Cir. 2022) (hereinafter, "*Club Madonna II*").

Following the Eleventh Circuit's decision, the City filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988(b), seeking the fees incurred defending Counts I-VI, VIII-XII, and XIV. [ECF No. 188]. The Club filed a response [ECF No. 192] and the City filed a reply [ECF No. 197]. Judge Moreno referred the matter to the Undersigned to "submit an Order." [ECF No. 189]. Neither party has objected to the nature or scope of the referral.

For the reasons discussed below, the Undersigned **grants in part** Defendant's Motion for Attorneys' Fees. As will be explained below, this ruling will require Defendant to resubmit its billing records (to eliminate entries for time incurred on claims not deemed frivolous here) and will also require the parties to engage in an additional conferral.

## I.    Background and Count Disposition

In the decision affirming this Court's summary judgment ruling, the Eleventh Circuit summarized the factual and procedural background as follows:

> The story of this case starts with a tragic set of facts. On January 6, 2014, City law enforcement officers discovered that a thirteen-year-old victim of human trafficking was being forced to dance nude at the Club after she ran away from home and was taken by four adult captors. The City issued an emergency order that suspended the Club's occupational licenses for six months, but it reinstated the licenses after the Club agreed to issue written security standards, hire a Chief Compliance Officer, check at least two forms of identification before letting a performer dance, and maintain records of which performers could dance at the Club.
>
> This detente ended quickly. The Club repeatedly failed to follow its agreement with the City, and the City was not pleased. To put teeth in its regime, the City passed the Ordinance. We previously described the Ordinance's requirements this way:

>First, Section 18-913 requires nude dancing establishments such as the Club to check the age and work eligibility of "any worker or performer" by requiring that they "provide proof of an original, lawfully issued state or federal photo identification, and one additional form of identification." The owner or manager of the establishment must also "[v]erify the accuracy" of the documents by making a "sworn statement ... confirming that the individual performer is at least 18 years of age." In the same sworn statement, the owner or manager must "[c]onfirm" that the worker is "performing of her or his own accord, and is not being forced or intimidated into performing or working." Code of the City of Miami Beach § 18-913. Section 18-913 also requires the business to keep a log of workers as they enter and exit the premises and to make all of the required documentation available "for inspection by the city upon demand." *Id.*
>
>\*\*\*
>
>Finally, Section 18-915 describes the penalties for failure to comply with the requirements of Sections 18-913.... For a first, second, and third offense within specified time periods, a business shall be fined $5,000, $10,000, and $20,000, respectively. For a second offense within three years, the City will shut down the business for three months. And a third offense allows the City to exercise its discretion to close the business for up to a year. Code of the City of Miami Beach § 18-915. An establishment charged with violating the ordinance has a right to an administrative hearing and may appeal the decision to "a court of competent jurisdiction." *Id.*

*Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1376 (11th Cir. 2019) (hereinafter "*Club Madonna I*"). Along with verifying that the performer or worker is at least eighteen years old, the Ordinance requires that nude dancing establishments confirm she "[i]s either a U.S. Citizen, legal resident, or otherwise legally permitted to be employed within the United States of America." Code of the City of Miami Beach § 18-913(1)(b).

II.

3

Unhappy with this development, the Club sued the City of Miami Beach in the Southern District of Florida on December 30, 2016, challenging the constitutionality of the Ordinance and the City's use of its emergency powers to suspend the Club's business license. In its Complaint, the Club threw the kitchen sink at the Ordinance: It challenged the Ordinance under the First Amendment, the Fourth Amendment, the Fourteenth Amendment (raising both Due Process Clause and Equal Protection Clause claims), and the Eighth Amendment, and on Contract Clause and Supremacy Clause grounds. The City moved to dismiss on many grounds (including failure to state a claim, standing, mootness, and ripeness), and the district court granted the City's motion. The Club appealed to this Court, and we affirmed in part and reversed in part, reinstating the Club's First Amendment, unconstitutional tax, Contract Clause, Equal Protection Clause, federal preemption, state preemption, and Fourth Amendment claims because they were ripe for adjudication. *Club Madonna I*, 924 F.3d at 1383. On remand, the City again moved to dismiss the Club's claims, and after referring them to the magistrate judge, the district court granted the City's motion only for the Club's unconstitutional tax, Equal Protection Clause, Contract Clause, and state preemption claims, leaving the Club's First Amendment (Count VII), federal preemption (Count XIII), and Fourth Amendment (Count XVI) claims to be resolved at summary judgment.

Like the City's renewed Motion to Dismiss, the district court referred the Motion for Summary Judgment to the magistrate judge. The magistrate judge, in his Report and Recommendation ("R&R"), concluded that the Ordinance (1) violated the Club's First Amendment rights because it overburdened the Club's protected speech; (2) violated the Club's Fourth Amendment rights because, although the Club's business fell into the category of a closely regulated industry, the Ordinance's unfettered warrantless-search provision was unnecessary to further the City's interest in preventing human trafficking; and (3) was conflict preempted by the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324a et seq., because the federal statute excludes independent contractors and casual hires from the requirement that any worker or performer is "legally permitted to be employed within the United States[.]"

After receiving objections to the R&R, the district court ruled on the parties' cross-motions for summary judgment. Although the district court adopted the magistrate judge's findings on the Club's federal preemption claim, the

district court declined to adopt his conclusions about the Club's First and Fourth Amendment claims.

The court began by rejecting the R&R's conclusions about the Club's First Amendment claim. First, it determined that the First Amendment did not apply at all because the Ordinance did not target expressive conduct. Citing the Supreme Court's decision in *Arcara v. Cloud Books*, 478 U.S. 697, 106 S. Ct. 3172, 92 L.Ed.2d 568 (1986), the district court reasoned that since the Ordinance does not single out First Amendment expression, the First Amendment does not apply -- even if the law has incidental effects on the Club's freedom of expression. The court also explained that even if the Ordinance had targeted expressive conduct, it was narrowly tailored and not overly burdensome. The district court concluded that the Ordinance was a reasonable time, place, and manner restriction on the Club's protected activities under the First Amendment.

Second, the trial court also rejected the magistrate judge's determination about the Club's Fourth Amendment claim. For starters, it reasoned that nude dancing clubs are closely regulated for Fourth Amendment purposes because of their history of pervasive regulation. The court also found that the Ordinance's warrantless-search provision was constitutionally reasonable under the administrative-search test the Supreme Court articulated in *New York v. Burger*, 482 U.S. 691, 702, 107 S. Ct. 2636, 96 L.Ed.2d 601 (1987), because surprise inspections were necessary to ensure the Club complied with the Ordinance, and the certainty and regularity of the Ordinance's application provided an adequate constitutional substitute for a warrant.

Finally, the district court concluded that the requirement the Club verify that the performer or worker is a "U.S. Citizen, legal resident, or otherwise legally permitted to be employed within the United States of America" is conflict preempted under the Immigration Reform and Control Act of 1986. The district court reasoned that Congress deliberately intended to exempt casual hires and independent contractors from the IRCA, so the City could not enact an ordinance that requires the verification of employment eligibility of all workers.

*Club Madonna II*, 42 F.4th at 1238–41 (footnote omitted).

## II.   Legal Standard

Typically, under the "American Rule," "each party bears its own attorney's fees." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1331 (11th Cir. 2002) (acknowledging "the general applicability of the American Rule regarding fee shifting, i.e., that each party bears its own attorneys' fees"); *Panama Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, No. 08-21213-CIV, 2009 WL 812714, at *3 (S.D. Fla. Mar. 26, 2009) ("The American Rule stands for the proposition that the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'"). Thus, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975).

The party seeking attorney's fees bears the burden of establishing entitlement via statute or enforceable contract. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). And "[b]ecause the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees." *Cabrera v. Haims Motors, Inc.*, No. 17-CV-60500, 2018 WL 2455438, at *2 (S.D. Fla. June 1, 2018), report and recommendation adopted, No. 17-CIV-60500, 2018 WL 4409844 (S.D. Fla. June 19, 2018) (citing *Fla. Med. Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995)).

In a section 1983 civil rights lawsuit, by statute, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). Although the statute does not provide different standards for awarding fees based on the identity of the prevailing party, the Supreme Court, relying on policy considerations and legislative history, has directed that district courts apply a different standard -- depending on whether the prevailing party is a plaintiff or a defendant.

A prevailing plaintiff is virtually always entitled to attorney's fees, "unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968).

A prevailing defendant, however, may recover fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Sullivan v. School Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188-89 (11th Cir. 1985). Importantly, in determining a prevailing defendant's entitlement to attorney's fees, the district court must avoid a post hoc analysis (i.e., looking at whether the plaintiff ultimately prevailed) and instead determine whether, at the outset, the plaintiff had "an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422; *see also Jones v. Tx. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981). In other words, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the

assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (applying the *Christiansburg* standard to a Section 1983 action).

The Eleventh Circuit has identified several relevant factors for courts to consider on a § 1983 defendant's motion for fees, including "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan*, 773 F.2d at 1189. In a recent decision, the Eleventh Circuit recognized that its earlier precedent required an *additional* consideration: "whether there was enough support for the claim to warrant **close attention** by the court." *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021) (emphasis added) (citing *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991). Even so, an award of fees is permissive, not mandatory, and the standards outlined above exist to "guide the district court's exercise of discretion." *Johnson v. Fla.*, 348 F.3d 1334, 1350 (11th Cir. 2003).

Naturally, lack-of-merit determinations must be made on a case-by-case basis and will depend on the cause of action asserted, the preexisting legal framework, and the facts known or available to the plaintiff in a given lawsuit. *Sullivan*, 773 F.2d at 1189. Thus, whether the plaintiff had reasonable grounds for bringing suit will depend on the state of the law and the facts known to the plaintiff before filing suit in a particular case. *See id.*

When a lawsuit raises unsettled questions of law upon which reasonable jurists may disagree, a prevailing defendant should not be awarded fees. *See Sherman v. Babbitt*,

772 F.2d 1476, 1478 (9th Cir. 1985); *Tarter v. Raybuck*, 742 F.2d 977, 988 (6th Cir. 1984). When, however, the plaintiff institutes a lawsuit to re-litigate previously adjudicated issues or assert a claim that is legally groundless in view of settled law, a prevailing defendant may recover reasonable attorney's fees. *See, e.g.*, *Head v. Medford*, 62 F.3d 351, 355-56 (11th Cir. 1995) (reversing the district court's refusal to award fees when the plaintiff's claim was based on establishing a "nonexistent property interest [that was] legally groundless" in view of settled law); *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 726-29 (2d Cir. 1976) (affirming fees award when plaintiffs sued in federal court after "substantially the same" issues were decided in state court and noting that "in view of the *failure of the previous litigation*" the plaintiff's counsel had reason to be aware that an award of fees was possible) (emphasis added).

Finally, the Eleventh Circuit has noted that fees are traditionally awarded when the plaintiff fails to introduce *any* evidence in support of his claim. *Sullivan*, 773 F.2d at 1189. On the other hand, so long as the plaintiff introduces *some* evidence in support of his claim, the action will generally not be considered frivolous for fees purposes. *Id*.

## III.  Analysis

### A.  Introduction

Before turning to the specifics of Defendant's count-based fee requests, the Undersigned will address three general arguments raised by Plaintiff. First, Plaintiff contends that no recovery is permitted because Defendant is not the "prevailing party"

for purposes of a fee award. [ECF No. 192]. Second, Plaintiff argues that the "Law of the Case" doctrine "precludes any finding that Club Madonna's claims are frivolous in any respect." *Id.* Third, Plaintiff says that Defendant did not properly request the fees related to Count XIV. *Id.* The Undersigned will address each of these arguments in turn.

The Complaint contains sixteen counts. [ECF No. 1]. Of those sixteen counts, thirteen were dismissed, the Court granted summary judgment in Defendant's favor on two counts, and Plaintiff prevailed at summary judgment on a single count. Because Plaintiff prevailed on the one Federal preemption count, which it says "clearly changed the parties' legal relationship and benefitted Club Madonna[,]" Plaintiff argues that "Defendant did not prevail and cannot recover fees as a prevailing party."[1] [ECF No. 192].

This argument, however, ignores well settled Supreme Court precedent on this issue:

> In [*Hensley v. Ekerhart*], we noted the possibility that a plaintiff might prevail on one contention in a suit while also asserting an unrelated frivolous claim. In this situation, we explained, a court could properly award fees to both parties—to the plaintiff, to reflect the fees he incurred in bringing the meritorious claim; and to the defendant, to compensate for the fees he paid in defending against the frivolous one. *See* [461 U.S. 424 at 435, n. 10, 103 S. Ct. 1933 (1983)]. We thus made clear that a court may reimburse a defendant for costs under § 1988 even if a plaintiff's suit is not wholly frivolous. Fee-shifting to recompense a defendant (as to recompense a plaintiff) is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees.

---

[1]   This argument runs contrary to Plaintiff's previous position, admitting that Defendant was entitled to costs as the <u>prevailing party</u>. [ECF No. 186-1 ("Plaintiff Club Madonna has indicated that it does not oppose [Defendant's request for costs as the prevailing party].")].

*Fox v. Vice*, 563 U.S. 826, 833, 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45 (2011).

*Fox* makes clear that Defendant is not precluded from seeking fees under § 1988 merely because Plaintiff prevailed on one of the sixteen counts in the Complaint. In such a situation, the Court may award Defendant fees despite Plaintiff's single-count victory and may also award fees even if only some of the remaining fifteen counts were frivolous. Any other outcome would permit a prospective civil-rights plaintiff to file a complaint overflowing with frivolous claims and then shield itself from a potential adverse fee award by including a singular meritorious count.

On this same topic, Plaintiff raises a count-specific argument and contends that Defendant cannot be considered the prevailing party on Count XII because the Count was dismissed as unripe. Plaintiff cites to *Davis v. Jackson*, 776 F. Supp. 2d 1314, 1317 (M.D. Fla. 2011) and *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) as support for its position that "[w]here a complaint has been dismissed for lack of subject matter jurisdiction, the defendant has not 'prevailed' over the plaintiff on any issue central to the merits of the litigation." [ECF No. 192]. Neither case is persuasive.

In a more-recent Eighth Circuit decision, the Court noted that the Supreme Court recently rejected its merits-focused rationale in the context of another statute. *Equal Emp. Opportunity Comm'n v. CRST Van Expedited, Inc.*, 944 F.3d 750, 753–54 (8th Cir. 2019) ("The Supreme Court granted a writ of certiorari on the proper interpretation of 'prevailing party' under 42 U.S.C. § 2000(e)-5(k) and held 'that a favorable ruling on the merits is not

a necessary predicate to find that a defendant has prevailed.'" (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 136 S. Ct. 1642, 194 L. Ed. 2d 707 (2016)).

Moreover, in a recent case out of this District, former-United States District Court Judge Ursula Ungaro rejected the broad proclamation that a merits-based decision is required to confer prevailing party status in the context of 42 U.S.C. § 1988. *Beach Blitz Co. v. City of Miami Beach, Fla.*, No. 1:17-CV-23958-UU, 2018 WL 11260452, at *11 (S.D. Fla. Sept. 25, 2018). The proper inquiry, instead, is whether "'the [d]efendants have "fulfilled [their] primary objective' by 'rebuff[ing]' [the] [p]laintiff's legal challenges." *Id.* (quoting *CRST Van Expedited, Inc.*, 578 U.S. at 431 (some alterations in original)). Guided by this principle, the *Beach Blitz* Court determined that the defendant was the prevailing party for all counts -- including those which were dismissed for non-merits reasons. *Id.* The Eleventh Circuit affirmed this reasoning, finding that the defendant was the prevailing party on all counts. *Beach Blitz Co.*, 13 F.4th at 1297.

Therefore, the Undersigned rejects Plaintiff's general and count-specific arguments that Defendant is not a prevailing party.

Next Plaintiff argues that the "law of the case" doctrine precludes this Court from finding that any of the counts are frivolous. As support, Plaintiff cites generally to page six of Judge Moreno's Order on Defendant's Second Motion to Dismiss. [ECF No. 192 (stating that "this Court properly determined that the Eleventh Circuit has considered this case on its merits and had not found any claim to be frivolous or in bad faith" (citing

ECF No. 140, p. 6))].

In that Order, Judge Moreno made two comments which are relevant to Plaintiff's

argument. First, Judge Moreno stated:

> Here, reviewing the Mandate closely, the Court finds that its previous bad
> faith determination was not left undisturbed. Although the Eleventh Circuit
> did not explicitly rule on the frivolity of the Club's claims, the Eleventh
> Circuit "decided by necessary implication" that Counts 7-16 were not
> frivolous when it ruled the claims were ripe for review. Bound by the
> Mandate, which reversed the ruling underlying the Court's bad faith
> determination, the Court must deny the City's request for dismissal with
> prejudice on bad faith grounds.

[ECF No. 140, p. 6]. In a footnote on the same page, Judge Moreno noted that "[t]he Court

also found the constitutional claims in Counts 1-6 frivolous, but the Eleventh Circuit did

not comment on this finding despite also affirming dismissal of Counts 3-6 (the only

constitutional claims on appeal). *Id.*

Plaintiff's argument misapplies the "law of the case" doctrine and incorrectly

portrays the totality of the referenced District Court Order (i.e., it does not acknowledge

that Judge Moreno determined only that the Eleventh Circuit "decided by necessary

implication" that Counts <u>VII-XVI</u> were not frivolous). *Id.* at p. 6 n.3.

"The law of the case doctrine 'posits that when a court decides upon a rule of law,

that decision should continue to govern the same issues in subsequent stages in the same

case.'" *Klay v. All Defendants*, 389 F.3d 1191, 1197 (11th Cir. 2004) (quoting *Christianson v.

Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 2177, 100 L.Ed.2d 811 (1988)

(some internal quotation marks removed). In this Circuit, the doctrine applies, "not only

as to 'matters decided explicitly but also as to those decided by necessary implication.'"

*Id.* (quoting *DeLong Equip. Co. v. Wash. Mills Electro Minerals Corp.*, 990 F.2d 1186, 1196

(11th Cir.) (citations omitted), modified on other grounds, 997 F.2d 1340 (11th Cir. 1993)

(some internal quotation marks removed).

Plaintiff appears to contend that the "law of the case" doctrine is implicated by an

earlier Order from this Court. However, this misconstrues the doctrine -- which applies

to bind a court to the findings of fact and conclusions of law announced by a court which

sits **above it** in the judicial hierarchy. Phrased differently, a district court is not

permanently bound by *its* earlier decisions in a case. *See Original Brooklyn Water Bagel Co.*

*v. Bersin Bagel Grp., LLC*, 817 F.3d 719, 728 (11th Cir. 2016) ("Nor, finally, does the law of

the case doctrine require the district court to enforce its earlier injunction."); *Lester v. City*

*of Lafayette, Colo.*, 639 F. App'x 538, 542 (10th Cir. 2016) ("Although a court must honor the

rulings of a court that stands higher in the hierarchical judicial structure, a district court

has the discretion to depart from its own prior rulings[.]") (quotation marks and citations

omitted); *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) ("Application of

the law of the case doctrine is discretionary and does not limit a court's power to

reconsider its own decisions prior to final judgment.").

To that end, the Undersigned is bound by only the Eleventh Circuit's implicit and

explicit rulings on the issue of whether Plaintiff's claims are frivolous.

Moreover, on this issue, Plaintiff misinterprets Judge Moreno's ruling as one

which "determined that the Eleventh Circuit had considered this case on its merits and not found any claim to be frivolous or in bad faith," and "precludes any finding that Club Madonna's claims are frivolous in any respect." [ECF No. 192]. As noted previously, Judge Moreno limited his discussion on frivolousness and bad faith to counts VII-XVI. For Counts I-VI, Judge Moreno explicitly noted that the Eleventh Circuit did not comment on the findings or frivolousness and, in fact, affirmed their dismissal. Notably, because Plaintiff did not appeal the dismissal of Counts I and II, it would not have even been possible for the Eleventh Circuit to decide in any manner whether *those* counts were frivolous.

Notwithstanding this discussion, the Undersigned declines to revisit Judge Moreno's unambiguous determination that the Eleventh Circuit decided by implication that Counts VII-XVI were not frivolous. However, the Undersigned interprets this statement from Judge Moreno as referring to only the counts which were then currently before the Court. As noted previously, the Eleventh Circuit agreed that Count XII was due to be dismissed because it was not ripe. *Club Madonna I*, 924 F.3d at 1378 ("We also agree that Count XII was not ripe for the court's review."). Thus, Judge Moreno's discussion concerning frivolousness and ripeness could not have been referring to Count XII, which was not at issue in that Order. Accordingly, the Undersigned finds that Judge Moreno's comments were limited to Counts VII-IX, XI, and XIII-XVI (i.e., the Counts which were actually discussed in the Order). Regardless, in an abundance of caution, the

Undersigned will discuss all counts when evaluating the frivolousness factors.

Finally, Plaintiff argues that Defendant cannot recover fees related to Count XIV because Defendant did not properly raise the argument in support of its request. As Plaintiff notes in its response, the entirety of Defendant's substantive argument as to why it is entitled to the fees related to Count XIV is found in a footnote and discussed in a conclusory manner.

"[A]ddressing legal arguments in footnotes is an incorrect method to present substantive arguments on the merits or otherwise request relief from the Court." *Sony Music Ent. v. Vital Pharms., Inc.*, No. 21-22825-CIV, 2022 WL 4771858, at *13 (S.D. Fla. Sept. 14, 2022). In the Eleventh Circuit, the Court will not consider arguments which are "raise[d] [ ] only in a footnote in a perfunctory and conclusory manner." *Nat'l Mining Ass'n v. United Steel Workers*, 985 F.3d 1309, 1327 (11th Cir. 2021). Because Defendant did not properly raise its argument concerning Count XIV, the Undersigned will not consider Defendant's request for fees related to the count.

**B.    Frivolousness Factors**

As noted previously, there are four factors which the Court should consider in assessing whether a plaintiff's claim was frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; . . . (3) whether the trial court dismissed the case prior to trial or had a full-blown trial on the merits[,]" *Sullivan*, 773 F.2d at 1189, and (4) "whether there was enough support for the claim to warrant

close attention by the court[,]" *Beach Blitz Co.*, 13 F.4th at 1302. These "factors . . . are 'general guidelines only, not hard and fast rules.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1177 (11th Cir. 2005) (quoting *Sullivan*, 773 F.2d at 1189).

### i. Prima Facie Case

All eleven counts were dismissed for failing to state a claim, as unripe, or for a lack of standing. In other words, it was determined that each count was missing an essential element.

Counts I, II, and VI's First Amendment claims were dismissed because the *O'Brien*[2] test's four factors all easily fell in the City's favor. The dismissal of Counts III-VI were affirmed because each count "lack[ed] the essential element that the state refused to provide the club with due process." *Club Madonna I*, 92 F.3d at 1378-79. Counts VIII and XI were dismissed because Plaintiff's claims were unsupported by any fair reading of the Ordinance. [ECF No. 140]. Count IX was dismissed because Plaintiff failed to identify a "similarly situated" business which was treated differently -- a necessary element. *Id.* Count X was dismissed because Plaintiff could not establish that any of the provisions were at least arguably vague, nor could it show a financially traceable injury. *Club Madonna I*, 92 F.3d at 1381-84. Lastly, Count XII was dismissed because no fine had been imposed when Plaintiff brought suit. *Id.* at 1381.

---

[2]      *United States v. O'Brien*, 391 U.S. 367 (1968).

Plaintiff doesn't offer any meaningful response to these realities. Instead, Plaintiff argues about the merits of the counts which were addressed at the summary judgment stage. As Defendant notes in its initial motion and in its reply, it is **not seeking fees associated with those counts.**

Accordingly, the Undersigned finds that this factor weighs in favor of a frivolousness finding.

### ii. Settlement Offers

Defendant says that this factor easily falls in its favor as to all claims because of the simple fact that it never extended a settlement offer. According to Defendant, "while [it] participated in good faith settlement discussions, it did not offer any affirmative relief to settle Plaintiff's claims." [ECF No. 188]. In response, Plaintiff first states -- without providing any legal authority -- that "this [*Sullivan*] factor is seldom determinative of whether a claim is frivolous." [ECF No. 192]. Plaintiff then goes on to argue that this factor should fall in its favor because "the parties actively engaged in settlement negotiations." [ECF No. 192].

As Defendant notes in its reply, however, these negotiations were part of a mediation which the Eleventh Circuit required the parties to complete during the pendency of the first appeal. Regardless, Plaintiff has presented no authority supporting its expansion of the second factor (of making a settlement offer) to merely engaging in mandatory settlement negotiations.

This factor falls in favor of finding that Plaintiff's claims were frivolous.

### iii.  Stage at Which Defendant Prevailed

Defendant says that this factor also easily falls in its favor because all counts for which it seeks to recover fees were dismissed on the pleadings. Plaintiff says that this factor is "essentially merged" with the first *Sullivan* factor. Plaintiff cites no law supporting its merger theory or how the theory ought to change the court's analysis.

Despite its attempts to obfuscate the nature of this consideration by merging it with the first factor and then discussing the detail and analysis in various trial and appellate decisions, Plaintiff cannot escape the fact that the majority of its claims were in fact dismissed on the pleadings (i.e., when all inferences were required to be made in its favor). The Eleventh Circuit has been clear that dismissal at the pleadings stage weighs in favor of a finding of frivolousness. *Bevan v. Lee Cnty. SO*, 224 F. App'x 880, 882 (11th Cir. 2007) ("Typically, cases that are frivolous have been dismissed before trial, on summary judgment or on a motion to dismiss.").

Plaintiff says that the fact that these claims were resolved prior to a trial is a natural consequence of the type of claims which were brought. The challenges to the Ordinance, Plaintiff notes, were questions of law which did not require further factual development. However, this reality does not tip the scale into Plaintiff's favor. In such a situation -- where no factual development is necessary -- a plaintiff, before bringing suit, would be able to readily assess the merits of his or her lawsuit. In other words, a civil-rights plaintiff

challenging the legality of a statute is not insulated from a frivolousness finding merely because the lawsuit raises only questions of law which obviate the need for a trial.

At bottom, the counts for which Defendant seeks to recover fees were dismissed on the pleadings, a circumstance which weighs in favor of a finding that the counts were frivolous.

### iv.  Close Attention

The Eleventh Circuit has found that a claim warrants close attention when the Court is required to distinguish a plaintiff's caselaw or when "there [is] sufficient support in [ ] prior caselaw . . . [to demonstrate that the claim is] not so groundless [ ] to be frivolous." *Beach Blitz Co.*, 13 F.4th at 1304 (citing to decisions dealing with an essential element of the plaintiff's claim that the court was required to distinguish in reaching its conclusion). In a similar vein, courts in this circuit have found that a claim warrant close attention when it requires thoroughly assessing "the adequacy of [the] [p]laintiff's evidence, *Poulin v. Bush*, No. 8:21-CV-1516-WFJ-AEP, 2023 WL 2242593, at *1 (M.D. Fla. Feb. 27, 2023), or a trial on the merits, *Bolling v. City of Montgomery*, No. 2:19-CV-244-RAH, 2023 WL 2145501, at *1 (M.D. Ala. Feb. 21, 2023).

For purposes of analyzing this "close attention" factor, the Undersigned will divide the counts for which Defendant seeks fees into three categories: (1) Counts I-VI; (2) Counts VIII, IX, and XI; and (3) Counts X and XII.

### 1.  Counts I-VI

Counts I-VI -- which challenged the constitutionality of the City's Emergency Order suspending the Club's Occupational Licenses -- were dismissed for failing to state a claim. [ECF No. 33].

The Court noted that the First Amendment claims (Counts I, II, and VI) failed because nude dancing "falls within the outer ambit of the First Amendment's protection," *City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000), "the First Amendment [is] not implicated by the enforcement of a public health regulation of general application against the physical premises in which [the purportedly protected activity occurs]," *Arcara*, 478 U.S. at 707, and even if the First Amendment were implicated, the *O'Brien* four-factor test was satisfied. In other words, this Court determined that decades of Supreme Court precedent supported dismissal of these counts.

Plaintiff did not appeal the dismissal of Counts I and II nor the dismissal of Count VI, to the extent that it challenged the City's actions under the First Amendment. *Club Madonna I*, 924 F.3d at 1377 ("The Club does not appeal the district court's dismissal of Counts I and II, nor the dismissal of Count VI to the extent it asserts a violation of the First Amendment."). Plaintiff contends that its motivation for opting to not appeal these counts was because these were merely "complementary" counts to the "superior" due process counts. [ECF No. 192].

Plaintiff further argues that the First Amendment issue was a close call, stating that "the Court devoted four pages of tightly reasoned analysis in its Order of dismissal" and

"[t]his [is] not a situation where the Court could merely cite to [*Arcara*] and be done with it. *Id.* Plaintiff, however, misinterprets the dismissal Order. The Court readily found that *Arcara* supported dismissal of Plaintiff's claims. The discussion concerning the *O'Brien* factors which followed began with the phrase "[e]ven assuming, *arguendo*, the Club Madonna's First Amendment Rights were implicated . . . there was no First Amendment violation." [ECF No. 33].

Said differently, the Court determined that: (1) there was no First Amendment violation; and (2) even if there was, the claims still failed. Counts I, II, and the First Amendment Portion of Count VI did not require close attention. The function of the "four pages of tightly reasoned analysis" was to demonstrate that the Counts were meritless, regardless of which stage of the analysis the Court reached.

The Court also found that Counts III-VI failed to state a claim. Plaintiff contends, without much elaboration, that both the trial court and the appellate court carefully considered these allegations. However, nothing about the trial court's recitation of the *Mathews*[3] factors is particularly unique or intricate. Rather, it is a uniform application of well-settled law to the facts in the Complaint. Most of the discussion, instead, is spent discussing the gravity of the fact that the Club had allowed a thirteen-year-old human trafficking victim to dance nude under the threat of violence, and the "paramount public

---

[3]    *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976).

interest in ensuring that children are not being forced to engage in nude dancing." [ECF No. 33].

Further, the Eleventh Circuit's discussion affirming the dismissal of these counts was summarized rather tidily, "Here, all of the Club's due-process claims in Counts III-VI fail for the same reason: they all lack the essential element that the state refused to provide the Club with due process." *Club Madonna I,* 924 F.3d at 1378.

In summary, Plaintiff's argument falls into two categories: (1) the analysis of these counts was "lengthy"; and (2) the Eleventh Circuit's decision was published. Both arguments are unavailing. First, the length of the discussion surrounding these claims is a byproduct of the type of claim which was raised and the Court's decision to articulate the multiple ways in which each count was deficient. Second, Plaintiff offers no legal authority supporting its contention that the publication of the Eleventh Circuit's decision means that these counts warranted close attention. Indeed, in another decision from the Eleventh Circuit, discussing only the issue of fees, the Eleventh Circuit engaged in an even-lengthier discussion of counts which it concluded were properly determined as frivolous. *Beach Blitz Co.,* 13 F.4th at 1301-03.

Because Counts I-XI were readily dismissed and affirmed on appeal, this factor weighs in favor of finding that Counts I-VI were frivolous.

### 2. Counts VIII, IX, and XI

Each of these Counts were initially dismissed as unripe. [ECF No. 33]. On appeal, the Eleventh Circuit reversed the dismissal and remanded the Counts to the District Court for further consideration. *Club Madonna I,* 924 F.3d at 1378.

In finding that these claims were ripe, the Eleventh Circuit stated:

> To be sure, the Club does not contend that it was charged with violating the Ordinance or that it has suffered the Ordinance's penalties. But that does not render the claims in Counts VII, VIII, IX and XI unripe for the district court's review. If the Club were to fall short of any of the Ordinance's requirements and the City were to charge it with a violation of the law, the resulting additional facts would shed no further light on whether compliance with the Ordinance is an unconstitutional burden on speech, a tax on speech, an equal-protection violation, or a Contract Clause violation in the first place. For these same reasons, institutional concerns likewise present no impediment to fitness for review.

*Id.* at 1380.

On remand, the merits of each of the counts was thoroughly discussed in both a Report and Recommendations and an Order.

In addressing Counts VIII and XI, the Report and Recommendations noted that, although the Ordinance did not place a ban on tipping -- as Plaintiff alleged -- it could have been written more clearly. [ECF No. 111]. In adopting the Report and Recommendations, Judge Moreno found no error in the Undersigned's construction of the Ordinance and stated that "[c]onstruing the Ordinance in this way means that the Club's speech is not being taxed, the Club's payment arrangements are not being substantially impaired, and the Ordinance does not conflict with the Fair Labor Standards Act." [ECF No. 140]. Because resolving Counts VIII and XI involved multiple briefings by

the parties, a visit to the Eleventh Circuit, and interpretation of the Ordinance, it qualifies as having warranted close attention by the Court.

The Report and Recommendations concluded that Count IX should be dismissed because Plaintiff failed to identify a "similarly situated" business which was being treated differently by the City. The District Court adopted the recommendation in a lengthy discussion on the merits of the issue. It was noted that the Club faced difficulty identifying a comparator because it was the only nude-dancing establishment on the beach. Because the Court was forced to tackle this issue under a somewhat unique set of facts, the Undersigned finds that it warranted close attention from the Court.[4]

Accordingly, the Undersigned finds that each of these counts warranted close attention by the Court.

### 3. Counts X and XII

Counts X and XII were also both dismissed as unripe. [ECF No. 33]. The Eleventh Circuit, on appeal affirmed the dismissal of Count X on other grounds (a lack of standing) and affirmed this dismissal of Count XII as unripe. *Club Madonna I*, 924 F.3d at 1378.

Plaintiff makes no real effort to discuss whether Counts X and XII warranted close attention from the Court. Plaintiff's argument in support of a determination that Count

---

[4]   In a footnote, Plaintiff inaccurately claims that Count IX "was dismissed with leave to amend but Club Madonna elected not to file an amended complaint." [ECF No. 192, p. 16 n.8]. The Club actually sought leave to amend, but the District Court determined that the Club's request was procedurally improper, and that any amendment would be futile. [ECF No. 140].

X was not frivolous seems to hinge on the fact that the Eleventh Circuit affirmed the dismissal of the count on a different ground than the one relied upon by the District Court. The Court's decision to affirm the dismissal based on a lack of standing is, however, not a testament to the complexity of Count X or to a need to examine the count with close attention. Rather, it is based on a federal court's continuing obligation to determine whether standing exists. *Club Madonna I*, 924 F.3d at 1381 n.10 ("Standing is a jurisdictional requirement that we are obligated to address *sua sponte*." (citing *Murphy v. Dulay*, 768 F.3d 1360, 1366 n.4 (11th Cir. 2014); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806-807 (11th Cir. 1993)).

Further, the length of the discussion does not demonstrate that the issue of standing was a close call. Instead, the discussion explains in detail how Plaintiff's claim fails at each stage of the analysis:

> In short, the Club cannot clear *the low bar* of demonstrating that the challenged provisions are at least arguably vague as applied to it. So *even if* it showed that it had incurred some additional expense in an attempt to comply with those provisions, and assuming that the additional expense constituted an injury for purposes of standing, that injury would not be fairly traceable to the purportedly vague language. And without an injury that is fairly traceable to the challenged provisions, the Club lacks standing to argue that they are unconstitutionally vague.

*Id.*

Plaintiff offers no explicit or implicit argument on this issue as applied to Count XII. Indeed, the Eleventh Circuit was able to summarily affirm the dismissal of the Count under well-settled precedent:

As for Count XII, we agree with the district court that it is not ripe for review. Count XII alleges that that [sic] the Ordinance's penalty provision violates the Eighth Amendment. But we have held that "Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine." [*Cheffer v. Reno*, 55 F.3d 1517, 1523-24 (11th Cir. 1995)]. The Club does not allege that the City imposed a fine under that provision or that the imposition of a fine is immediately forthcoming, so the district court correctly determined that the Club's Eighth Amendment argument is not ripe for review.

*Club Madonna I*, 924 F.3d at 1381.

In summary, this factor falls in favor of finding that Counts X and XII were frivolous.

### 5. Conclusion

Each of the four frivolousness factors weigh in favor of a finding that Counts I-VI, X, and XII were frivolous. On the other hand, because Counts VIII, IX, and XI required close attention from the Court, they were not frivolous.

## IV.   Conclusion

For the reasons discussed above, the Court **grants in part** Defendant's motion and determines that Defendant is entitled to the attorney's fees associated with its defense of Counts I-VI, X, and XII. Because Defendant's current fee request includes entries associated with counts for which Defendant is not entitled to fees, the Undersigned is requiring that Defendant resubmit its fee request by June 14, 2023 (excluding the entries related to those counts).

Plaintiff and Defendant are encouraged to agree on the amount of fees. By May 31, 2023, Defendant shall submit to Plaintiff its revised fee request. By June 7, 2023, Plaintiff shall provide to Defendant its entry-specific objections to Plaintiff's fee request (if any). After receiving Plaintiff's objections but before the revised fee request is filed, Plaintiff and Defendant shall meaningfully confer (i.e., face-to-face, via a video-conferencing platform, or on the telephone)[5] and see if an agreement can be reached. If an agreement is reached, then Defendant shall promptly file a notice on CM/ECF, informing the Court of the agreement.

If the Court is required to issue a ruling on the amount of fees, then the Court may set the matter for an evidentiary hearing and require the parties to obtain experts to support their position.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, on May 18, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record

---

[5]     In other words, communications based solely on email exchanges are inadequate.

28